# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

MICHAEL RAY INGRAM,

              Plaintiff/Petitioner - Appellant,

v.

R. WERHOLZ, et al.,

              Defendant/Respondent -
Appellee.

Case No. 21-1170

Appellant/Petitioner's Opening
Brief

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed
Form A-12 in lieu of a formal brief. This form is intended to guide you in presenting
your appellate issues and arguments to the court. If you need more space, additional
pages may be attached. A short statement of each issue presented for review should
precede your argument. Citations to legal authority may also be included. This brief
should fully set forth all of the arguments that you wish the court to consider in
connection with this case.

New issues raised for the first time on appeal generally will not be considered. An
appeal is not a retrial but rather a review of the proceedings in the district court. A copy
of the completed form must be served on all opposing counsel and on all unrepresented
parties and a proper certificate of service furnished to this court. A form certificate is
attached.

**APPELLANT/PETITIONER'S OPENING BRIEF**

**1.    Statement of the Case.**    (This should be a <u>brief</u> summary of the proceedings in the district court.)

12-CV-1653 seeking a TRO to enjoin officials from forcing Plaintiff to perform Kitchen labor contrary to Work Restrictions (WRs) and medical conditions was dismissed
See Page 2A

**2.    Statement of Facts Relevant to the Issues Presented for Review.**

Plaintiff's life is dominated by pain because of a 1975 accident that caused Traumatic Brain Injury (TBI), Light Sensitivity, Middle Ear Problem (disorientation, dizziness, and nausea), and back pain. Chronic Choking is caused by Acid Reflux attributable to the nausea. Working in the kitchen exacerbated the pain and adverse impacts of my disabilities/medical conditions. WRs include: No Prolonged Standing, No Heavy Lifting, No Intensive Labor, No Vigorous Exercise. Records also establish Chronic Choking, Light Sensitivity, Middle Ear Problem, Neck Pain, Back, Hip, and knee pains, Plantar Fasciitis heel/arch
See Page 2B

A-12   Appellant/Petitioner's Opening Brief – 12/16                    Page 2

1. Statement of the Case (continued)
because administrative remedies were
not exhausted. 14-CV-1024 sought damages
against Defendant McKay and state defen-
dants for forcing Plaintiff to work in the
kitchen contrary to WRs and medical
conditions. ADA/RA relief was sought
because Plaintiff had to stand in long
lines to obtain medications, exacerbating
foot and back pain, chronic choking despite
medical conditions. The §1983 was dismissed.
On appeal, the dismissal of the damage
claim against McKay and the ADA/RA claim
was reversed. On remand, Plaintiff sought
orders appointing counsel and extensions
to pursue discovery and prepare responses
to the summary judgment motions based
on severe physical and cognitive impair-
ments due to disabilities/medical condi-
tions. The court denied appointment of
counsel and dismissed the §1983 before
Plaintiff could prepare some discovery and
affidavits opposing Defendants' motions for
summary judgment.

2. Statement of Facts.... (continued)
pain, and deformed heels that cause the
development of blistering/abrasions when
wearing prison-issue boots. Each exten-
sion motion attempted to provide more
and more details of the severe nature
and extent of the pain/suffering that
caused physical/cognitive impair-
ments justifying appointment of
counsel and additional time to perform
research, pursue discovery and prepare
affidavits to refute Defendants' sum-
mary judgment motions.

3.    **Statement of Issues.**

    a.    **First Issue:** The court erred by overruling the objections to the order denying appointment of counsel.

        **Argument and Authorities:**

The (136) order found that the claims are not novel/overly complex, that the successful appeal was evidence I am capable, that I made no attempts to obtain an attorney, and that the

See 3A

    b.    **Second Issue:** The court erred by overruling the objections to the order denying a Martinez Report.

        **Argument and Authorities:**

The court erred by concluding that I was trying to circumvent the discovery mechanisms and that it would not develop a record that established the factual and legal bases for my claims. This doesn't make sense because medical records, grievances, and letters would establish why I sought care and what was provided. It would facilitate the preparation of summary judgment affidavits requiring defendants to prepare affidavits based on personal knowledge.

3. Statement of Issues.
a. First Issue (cont'd): Argument and Authorities:
court would not derive any benefit of
appointed counsel.

While the claims may not be complex based
on the court's perspective, the numerous
allegations in the §1983 related to the pain/
suffering caused by 13 medical conditions/
disabilities while performing kitchen
labor are complex because the numerous
sources of pain and Chronic Sleep Deficit
make it difficult and painful to write,
but to think clearly.

I had to abandon the equal protection
claims because my physical/cognitive
impairments overwhelmed me even though
an extension was granted.

The (140) objections noted I made attempts to
procure counsel. My physical/cognitive im-
pairments prevented writing several letters
explaining my situation. I did not have the

PAGE 3A

3. Statement of Issues. a. First Issue (cont'd):
Argument and Authorities (cont'd):
the money to make copies of the §1983 and
mail it.

The (140) objections explained how difficult and
painful it is to write and how difficult it is
to think clearly. Thus appointment of
counsel would benefit the court by a well-
pled presentation that narrowed the issues,
and discovery and partial motions for summary
judgment would simplify trial, and
encourage a settlement.

The counsel (127) motion, including the (134, 141)
supplements, along with extension motions
were attempts to explain the severe
nature/extent of my physical/cognitive
impairments and noted that all efforts
exacerbated my pain/suffering and were
tantamount to torture. Thus, a showing
of all 4 factors was unnecessary.

PAGE 3B

3. Statement of Issues (cont'd).

b. Second Issue: Argument and Authorities (cont'd): The issues would be narrowed, trial simplified, and settlement more likely

c. Third Issue: The court erred by overruling the (186) objection regarding the dismissal of Clements, the deceased defendant.

Argument and Authorities:
The court acknowledged the procedure for dismissal of deceased parties was not followed and states that service was not made on the estate.

My files were scrambled during a cell search as explained in an extension motion filed with the Court. I still have not restored them completely because of my physical/cognitive impairments; however, I recall in an extension motion that the limitations of prison precluded finding an address for Clement's estate, including the address of his widow who I believe is a board member

3. Statement of Issues (cont'd).

c. Third Issue (cont'd):

Argument and Authorities (cont'd):

of a Colorado mental health organization. The failure to serve Clement's estate is not relevant until the proper procedure for deceased parties is followed. If not, then I need the assistance of the court clerk, the Marshal Service, or appointment of counsel.

d. Fourth Issue: The court erred by overruling the objection regarding the filing of the Second Amended Complaint (SAC).

Argument and Authorities: The SAC, if filed, would be considered by the court when ruling on summary judgment motions by all parties. Appointment of counsel was sought to file a well pled SAC. Based on my beleaguered attempt it is readily-apparent that I need counsel.

3. Statement of Issues (cont'd).

e. Fifth Issue: The court erred by overruling the (212) objection to the denial of appointment of counsel.

Argument and Authorities:

The court found that my medical conditions/disabilities that make it difficult and painful "to write and otherwise prosecute this case" did not justify appointment of counsel. I rely upon my (206) motion and the First Issue Argument.

f. Sixth Issue: The court erred when it denied (215, 211) extension motions in which to "research, draft discovery requests, and draft a summary judgment motion, etc." and to respond to the summary judgment motions.

Argument and Authorities: The court found that I had not shown good cause for an extension. The motions, which incorporate

PAGE 3E

3. Statement of Issues (cont'd):
f. Sixth Issue (cont'd):
Argument and Authorities (cont'd):

previous motions, all demonstrate how
medical conditions/disabilities severely
limit my productivity because of
physical/cognitive impairments. Produc-
tive time is also severely limited because
of my physical/cognitive impairments
along with prison schedule. I request
that the court carefully assess the
good cause/excusable neglect showing
in all the extension motions, including
224, considering that my physical/cogni-
tive impairments, along with time con-
straints hamper my efforts to make
the best cogent showing.

g. Seventh Issue: The (222) order granting
summary judgment motions (195, 214) was
an abuse of discretion as well as the
(223) Final Judgment.

3. Statement of Issues (cont'd):
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

At the beginning of the deposition I informed the attorneys that I was having difficulty because of Chronic Sleep Deficit. When asked if I could proceed I said I would try. Defendants did not attach the entire deposition.

In early April(?) 2020, I sent a letter, signed under penalty of perjury, objecting to the accuracy of the deposition:

I have been unable to read the deposition from start to finish because of the ability to concentrate and remember what I have read is significantly impaired because of several sources of nerve pain, migraine headaches, light sensitivity and Chronic

3. Statement of Issues(cont'd):
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd);

Sleep Deficit; instead, I read two or three pages at a time. I know I was there, but it seems like I wasn't. The responses don't reflect what I was thinking and meant to say.

I don't know if it was timely received because confusion at the beginning of the Pandemic resulted in more than a weeks worth of mail being accumulated in the mail box before staff sent it to the mail room.

The extension motions established how my physical/cognitive impairments limited my ability to research/think/write and how

3. Statement of Issues (cont'd).
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

little was accomplished, before the Pandemic, during the Pandemic, and how a COVID-19 infection stopped me cold.

The (222) order, at page 5, states that I "think" I sent letters about standing in med line. The §1983 alleges I did and there was no exhaustion of administrative remedies challenge.

The (222) order, at page 6, states that standing in med line for 20 to 30 minutes caused "physical discomfort." The §1983 alleges exacerbation of back pain/spasms, foot pain, and chronic choking, especially when it was cold or cold and windy. It also alleged that it did without meds instead of standing in the long line and tried to compensate by using Canteen analgesics and

PAGE 31

3. Statement of Issues (cont'd):
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

and anti-histamines from the Canteen to try and cope.

The (222) order, at page 6, relies upon an exhibit of an X-ray report stating "mild degenerative arthritic changes" in my hips. X-Rays and MRIs are not reliable indicators of pain, especially considering that I was hit by a jeep while crossing the street. A New England Journal of Medicine article about a study stated that the same percentage of two groups of 500 showed anomalies, whether the participant experienced back pain.

The (222) order, at page 7, notes that when I told PA Melloh that shots only improved my heel pain 30%, she reminded me that I had expressed satisfaction earlier that week

PAGE 3J

3. Statement of Issues (cont'd).
   g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

When she saw me in the Yard. If I
were not for my physical/cognitive im-
pairments noted in the extension mo-
tions, including 224, I would have sub-
mitted an affidavit refuting all the Ex-
hibits and assertions in the Defendants'
summary judgment motions. E.g., When
Melbh "reminded" me of what I said in
the Yard I told her I was being face-
tious. Anyone who saw me walking could
tell I was in pain. One aspect of my foot
pain was ill-fitting shoes: Canteen athletic
shoes Size 8, 4E, or prison-boots not as
wide, caused pain because even a Size 8,
6E is not wide enough for the Right Foot.
Any clinician who looks at my Right Foot
notices the missing muscle that cause
pain because of the strain on foot muscles,
tendons and ligaments.

PAGE 3k

3. Statement of Issues (cont'd).
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

The (222) order, at page 7, states that I was given an ADA mobility evaluation. If I had been able to submit an affidavit I would explain that the evaluation was by PA Melloh, not a doctor, and that it was a Montez evaluation and did not cover my situation.

The (222) order, at page 8 states that I "understood" I could rest a few minutes after prolonged standing and continue to work. The §1983 allegations note the cumulative effect of standing. If I had been able to submit an affidavit I could explain how my foot pain gets worse as the day progresses.

The (222) order, at page 9, states I refused to sign a release so SCF medi-

PAGE 3L

3. Statement of Issues (Cont'd).

g. Seventh Issue (Cont'd):

Argument and Authorities (Cont'd):

cal staff could speak to the ADA coordinator. If I had been able to submit an affidavit I would explain that the grievance regulation authorized all necessary staff to investigate issues raised in grievances. The stalking was triggered by the nine grievances I filed. The Court can take judicial notice of the grievance regulation on the DOC web site.

The (332) Order, at Page 12, states that McKay did not exhibit deliberate indifference and provided effective treatment. McKay could have e-mailed my case manager, removing me from the kitchen permanently, instead of temporarily. McKay could have substantially ameliorated my extreme pain and suffering by ordering the Work and Housing Restrictions I requested.

PAGE 3M

3. Statement of Issues (cont'd).
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

Instead, McKay offered Neurontin for pain reduction during the day and Tegretol for the pain that caused a sleep deficit. Both these meds are anti-seizure meds, neurotoxins, that cause brain damage, as well as damage to other organs. Tegretol causes an unconscious stupor, not healthy sleep.

The (222) order, at page 10, states that I have "not shown that being required to stand in med line results in denial of his medication...." The §1983 alleges it is painful to stand in the long med line and that cold, especially when windy, exacerbates back spasms/pain and exacerbates Chronic Choking. The §1983 alleges that I did without my medications instead of standing in long med lines and bought analgesics and anti-histamines from the.

PAGE 3N

3. Statement of Issues (cont'd).
g. Seventh Issue (cont'd):

Argument and Authorities (cont'd):

Cantcea to try and compensate.

The §1983 allegations, even without additional
affidavits, establish disputed factual
issues precluding the grant of summary
judgments

**4. Do you think the district court applied the wrong law?   If so, what law do you want applied?** Please see the Arguments in Paragraph 3, a through g.

**5. Did the district court incorrectly decide the facts?   If so, what facts?** Please see the Arguments in Paragraph 3, a through g.

**6. Did the district court fail to consider important grounds for relief?   If so, what grounds?** Please see the Arguments in Paragraph 3, a through g.

**7. Do you feel that there are any other reasons why the district court's judgment was wrong?   If so, what?** Please see the Arguments in Paragraph 3, a through g.

**8. What action do you want this court to take in your case?** Reverse the denials of extension motions, counsel motions, and grants of summary judgment or appoint counsel to file an opening brief so that this case can be prosecuted and the torture stopped.

**9. Do you think the court should hear oral argument in this case?   If so, why?**
No

___October 31, 2021___          ___Michael R Ingram___
Date                                          Signature



ZIP 80751 $ 001.76°
02 4W
0000879850 NOV 05 2021

LEGAL MAIL

U S COURT OF APPEALS

1823 STOUT ST

DENVER CO 80257

Scanned
US Marshal

[handwritten return address]
... T Dept    Unit: 215
... 000
... f Sterling Co 8075,

Restricted Inspection Mail Stamp

11/4/2021

SCF

FACILITY

DATE REC'D

Thompson

25291    S

DOC EMPLOYEE LAST NAME

ID#    INT

43624    INGRAM

DOC#    OFFENDER LAST NAME    INT