No. 21-1170

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

---

MICHAEL RAY INGRAM,

Plaintiff-Appellant,

v.

DEAN WILLIAMS, *ET AL*.,

Defendants-Appellees,

---

On Appeal from the United States District Court
For the District of Colorado

The Honorable Robert E. Blackburn
United States District Court Chief Judge

D.C. No. 1:14-cv-01024-REB-KMT

---

**DEFENDANT-APPELLEE KERI McKAY'S ANSWER BRIEF**

---

Joseph P. Sanchez, Esq.
HARRIS, KARSTAEDT, JAMISON &
POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Telephone: 720-875-9140
Facsimile: 720-875-9141
Email: Jsanchez@hkjp.com
*Attorneys for Appellee Ms. Keri McKay*

**ORAL ARGUMENT IS NOT REQUESTED**

---

## **<u>RULE 26.1 DISCLOSURE STATEMENT</u>**

Appellee Keri McKay is an individual.  There are no entities that have an interest in the outcome of this appeal that are required to be disclosed.

# **TABLE OF CONTENTS**

RULE 26.1 DISCLOSURE STATEMENT.............................................................. i

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT REGARDING FILING OF SEPARATE ANSWER BRIEF ...........1

STATEMENT OF PRIOR OR RELATED APPEALS.............................................1

STATEMENT REGARDING JURISDICTION .......................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

STATEMENT OF THE CASE.................................................................................3

    I.     Nature of the case. ......................................................................................3

    II.    The course of proceedings and disposition below. .......................................3

    III.   Statement of relevant facts. ........................................................................6

SUMMARY OF THE ARGUMENT .....................................................................11

ARGUMENT ........................................................................................................12

    I.     The District Court properly denied Mr. Ingram's motions for appointment
of counsel.............................................................................................................12

    II.    The District Court properly denied Mr. Ingram's request for a *Martinez*
Report. ..................................................................................................................13

    III.   The District Court properly denied Mr. Ingram leave to file a second
amended complaint................................................................................................15

    IV.   The District Court properly denied Mr. Ingram's motions for extensions of
time. 16

    V.    The District Court properly granted Keri McKay's Motion for Summary
Judgment................................................................................................................17

CONCLUSION ......................................................................................................19

CERTIFICATIONS ...............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

### CASES

*El' Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984) ...................................................15

*Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) ..........17

*Farmer v. Brennan*, 511 U.S. 825 (1994) .................................................................18

*Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987) ...........................................................14

*Gwinn v. Awmiller*, 354 F.3d 1211 (10th Cir. 2004) ................................................17

*Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991) ............................................. 14, 15

*Hill v. SmithKline Beecham Corp.*, 393 F.3d 111 (10th Cir. 2004).........................13

*Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) ...................................................14

*Martinez v. Beggs*, 563 F.3d 1082 (10th Cir. 2009) .................................................17

*Mata v. Saiz*, 427 F.3d 745 (10th Cir. 2005).............................................................18

*McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985)..................................... 12, 13

*Reed v. Dunham*, 893 F.2d 285 (10th Cir. 1990)......................................................14

*Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995) ..............................................12

*Sampley v. Ruettgers*, 704 F.2d 491 (10th Cir. 1983)..............................................15

*Toevs v. Reid*, 685 F.3d 903 (10th Cir. 2012) ..........................................................12

*Williams v. Meese*, 926 F.2d 994 (10th Cir. 1991) ..................................................12

### STATUTES

28 U.S.C. § 1291 ...........................................................................................................1

28 U.S.C. § 1331 ...........................................................................................................1

28 U.S.C. § 1342 ...........................................................................................................1

42 U.S.C. § 1983 ................................................................................................ 1, 3, 17

### RULES

Fed. R. App. P. 4 ..........................................................................................................2

Fed. R. Civ. P. 56(c)....................................................................................................17

## STATEMENT REGARDING FILING OF SEPARATE ANSWER BRIEF

Defendant-Appellee Keri McKay is filing a separate Answer Brief because she is represented by different legal counsel than the other Defendants-Appellees in this case.

## STATEMENT OF PRIOR OR RELATED APPEALS

Plaintiff-Appellant Michael Ray Ingram appealed the District Court's granting of Defendant-Appellee Keri McKay's Motion to Dismiss in United States Court of Appeals for Tenth Circuit Appellate Case 16-1416. The Appellate Court reversed the dismissal of the Eighth Amendment claim against Ms. McKay and remanded the case back to the District Court. *USCA Order and Judgment* dated 08/11/2017, docket no. 95.[1]

## STATEMENT REGARDING JURISDICTION

This Court has subject matter jurisdiction over this matter. 42 U.S.C. § 1983; 28 U.S.C. § 1331; and 28 U.S.C. § 1342. Jurisdiction to review the District Court's entry of judgment is conferred by 28 U.S.C. § 1291.

The District Court issued a final judgment resolving all claims asserted against Defendant-Appellee Keri McKay on March 30, 2021. *Final Judgment* dated

---

[1] In accordance with 10th Cir. R. 28(e), references to the record are made through identification of the district court document, the district court docket number, and then the page number within the document, e.g. "*Plaintiff's Complaint* dated 02/13/2014, docket no. 1, at 5."

03/30/2021, docket no. 223.  Mr. Ingram then filed a Notice of Appeal with the District Clerk on May 3, 2021.  *Notice of Appeal* dated 10/26/2020, docket no. 226. Mr. Ingram failed to file his Notice of Appeal within 30 days after entry of the judgment as required by Fed. R. App. P. 4.  Therefore, Defendant-Appellee McKay disputes that this Court has jurisdiction over this appeal.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Whether the District Court properly denied Mr. Ingram's motions for appointment of counsel.

2.    Whether the District Court properly denied Mr. Ingram's request for a *Martinez* Report.

3.    Whether the District Court properly denied Mr. Ingram's Motion for Leave to File a Second Amended Complaint.

4.    Whether the District Court properly denied Mr. Ingram's Motions for Extensions of Time.

5.    Whether the District Court properly granted Ms. McKay's Motion for Summary Judgment on the grounds that Mr. Ingram failed to satisfy the subjective component of his deliberate indifference claim as to Ms. McKay.

## STATEMENT OF THE CASE

### I.    Nature of the case.

Plaintiff-Appellant Michael Ingram is an inmate incarcerated in the Colorado Department of Corrections ("CDOC") who filed a civil rights action against Defendant-Appellee Keri McKay, a Nurse Practitioner who served as a contract employee for the Department of Corrections.  The sole Eighth Amendment claim against Ms. McKay that survived her motion to dismiss Mr. Ingram's First Amended Complaint was Mr. Ingram's allegation that Ms. McKay was deliberately indifferent to the dangers posed by allegedly approving Mr. Ingram for kitchen work, notwithstanding an alleged medical order limiting his ability to physically perform those job duties.  *USCA Order and Judgment* dated 08/11/2017, docket no. 95 at Section III B, p. 8.

### II.    The course of proceedings and disposition below.

Mr. Ingram initiated this action on April 9, 2014, by filing a Complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, and the Rehabilitation Act, asserting allegations that multiple health care providers and administrators with the CDOC were forcing him to work in the prison kitchen, which caused pain and suffering and a deterioration of his thirteen medical conditions, including "nausea, light-sensitivity, arthritic neck pain, a chronic choking, arthritic left shoulder, arthritis/tendinitis right elbow, lower back pain/spasms, arthritic left

hip, arthritic knee pain, right ankle pain, left ankle pain, deformed heels, and foot and heel pain." *Plaintiff's Complaint* dated 04/09/2014, docket no. 1.

On October 10, 2014, Mr. Ingram filed his First Amended Complaint alleging the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to perform kitchen duties in the dish room from April 6, 2012 to May 7, 2012, in the diet kitchen from June 14, 2012 to July 21, 2012, and as a flatware/condiment roller from September 12, 2012 to present. *Plaintiff's First Amended Complaint* dated 10/10/2014, docket no. 21.

Defendant-Appellee Keri McKay filed a Motion to Dismiss the claims asserted against her on July 17. 2015. *McKay Motion to Dismiss* dated 07/17/2015, docket no. 55. Mr. Ingram failed to file a response to Ms. McKay's motion. On August 27, 2015, United States Magistrate Judge Kathleen M. Tafoya issued a Recommendation to the District Court that Ms. McKay's Motion to Dismiss be granted and the claims against her be dismissed. *Recommendation of U.S. Magistrate Judge* dated 08/27/2015, docket no. 63.

Mr. Ingram filed a Motion for Extension of Time to File Objections to the Magistrate Judge's Recommendation on September 15, 2015. *Plaintiff's Motion for Extension of Time* dated 09/15/2015, docket no. 68. On September 23, 2015, the District Court issued an Order in which it denied Mr. Ingram's request for an extension of time and approved and adopted the Magistrate Judge's

Recommendation. The claims asserted against Keri McKay were dismissed. *District Court Order* dated 09/23/2015, docket no. 69.

Mr. Ingram ultimately appealed the District Court's order granting Defendant McKay's motion to dismiss on October 19, 2016. *Notice of Appeal* dated 10/18/2016, docket no. 82. After briefing by all the parties, the 10th Cir. Court of Appeals issued its Order on August 11, 2017 reversing the dismissal of the Eighth Amendment claim against Defendant Keri McKay and remanding the case back to the District Court. *USCA Order and Judgment* dated 08/11/2017, docket no. 95 at Section III B, p. 8.  Any other claims asserted by Mr. Ingram against Ms. McKay in his First Amended Complaint that were dismissed by the District Court were affirmed by the appellate court. *USCA Order and Judgment* dated 08/11/2017, docket no. 95 at Section IV, p. 9.

Ms. McKay filed a Motion for Summary Judgment on March 26, 2020. *McKay Motion for Summary Judgment* dated 03/26/2020, docket no. 196.  The District Court issued a Minute Order on August 7, 2020 ordering Mr. Ingram to file his response to Ms. McKay's Motion for Summary Judgment on or before September 14, 2020. *Minute Order* dated 08/07/2020, docket no. 213. Mr. Ingram filed a Motion for Extension of Time on August 13, 2020, requesting an extension of six months. *Plaintiff's Motion for Extension of Time* dated 08/13/2020, docket no. 215.  Mr. Ingram also filed another Motion for Extension of Time on September 17,

2020, specifically requesting an extension of six months to file his response to Ms. McKay's Motion for Summary Judgment. *Plaintiff's Motion for Extension of Time* dated 09/17/2020, docket no. 217.

On March 29, 2021, the District Court issued a Minute Order denying Mr. Ingrams two motions for extensions of time, determining that Mr. Ingram failed to show good cause for the additional extensions of time. *Minute Order* dated 03/29/2021, docket no. 221. On March 30, 2021, the District Court issued an Order granting Ms. McKay's Motion for Summary Judgment. *Order* dated 03/30/2021, docket no. 222. Final Judgment in favor of Ms. McKay was also issued on March 30, 2021. *Final Judgment* dated 03/30/2021, docket no. 223. Mr. Ingram filed a Notice of Appeal on May 3, 2021. *Notice of Appeal* dated 05/03/2021, docket no. 226.

### III.    Statement of relevant facts.

Defendant-Appellee Keri McKay was a Physician's Assistant working on a contract basis with the CDOC and assigned to work at the Sterling Correctional Facility. On December 17, 2008, Mr. Ingram was seen by Dr. Goldsmith. Mr. Ingram told the doctor that he had burning in his feet that was very annoying and made it difficult for him to stand for long periods of time. Dr. Goldsmith issued Mr. Ingram a medical work restriction which prohibited prolonged standing beyond 30 minutes and ordered x-rays of Mr. Ingram's lower back and hips. *Ambulatory Health Record*

*for Encounter #1834951*, docket no. 195-1. The x-rays ordered by Dr. Goldsmith showed a normal pelvis and mild degenerative arthritic changes to both of Mr. Ingram's hips. *Rocky Mountain Radiologists, P.C. report dated 12/23/2008*, docket no. 195-2.

Mr. Ingram was seen by Medical Provider Kathleen Melloh on May 26, 2010. He asked to be scheduled to have his feet evaluated. He told Ms. Melloh that Dr. Goldsmith had given him a work restriction for no prolonged standing, and he would like to get that back because he was working in the library. He was currently doing plantar fasciitis exercises which helped. Ms. Melloh noted in Mr. Ingram's medical record that she instructed Mr. Ingram to keep doing the exercises and she would schedule a follow up appointment to discuss his plantar fasciitis. *Ambulatory Health Record for Encounter #2268537*, docket no. 195-3.

On June 24, 2010, Mr. Ingram met with Ms. Melloh to discuss the evaluation of his feet. There were no erythema, edema, or ecchymosis on Mr. Ingram's feet. He was able to hold himself up on his toes without problem. His posterior heels were neutral, and his arches presented without pronation of his feet. Ms. Melloh ordered Mr. Ingram to stop taking Naprosyn for pain for three days, then they would administer injections of Depo-Medrol in his heels for the pain. *Ambulatory Health Record for Encounter #2292800*, docket no. 195-4. Mr. Ingram received the Depo-

Medrol injections on June 30, 2010. *Ambulatory Health Record for Encounter #2297772*, docket no. 195-5.

On July 23, 2010, Mr. Ingram had his follow up appointment with Ms. Melloh. At that time, Mr. Ingram told Ms. Melloh that he did get some relief from the injections, which he rated at 30% improvement. However, Ms. Melloh reminded Mr. Ingram that she had seen him in the prison yard earlier in the week, and he had told her that his feet felt very good and he was happy with the injections. Mr. Ingram also told Ms. Melloh that he could walk around much better. *Ambulatory Health Record for Encounter #2316325*, docket no. 196-1.

On March 23, 2012, Mr. Ingram submitted Offender Request for Accommodation forms, asserting a claim of disability for ankle pain, knee pain, lower lumbar pain and spasms, hip arthritis, arthritic neck pain, and pain from plantar fasciitis, among many other listed injuries. *Offender Request for Accommodation forms,* docket no. 196-2. Mr. Ingram worked in the dish room of the prison kitchen from April 6, 2012 through May 7, 2012. *Plaintiff's First Amended Complaint*, at para.18, p. 8, docket no. 21. Mr. Ingram was given his first ADA Mobility Evaluation on April 24, 2012. *Ambulatory Health Record for Encounter #2871653*, docket no. 196-3.

On May 2, 2012, Keri McKay saw Mr. Ingram when he went to the SCF medical unit for multiple issues. His biggest issue was concerning his chronic cough,

but he also complained of foot pain due to plantar fasciitis. He told Ms. McKay that working in the kitchen was causing him to stand for several hours a day and his feet were killing him. He also told Ms. McKay that his hip was bothering him as well, especially with the standing, twisting, and lifting that he had to do in the kitchen. Ms. McKay told Mr. Ingram that when his pain was acting up, he needed to take his Naprosyn, and that she would email his Case Manager, Lt. Scott Sturgeon, about relocating him from working in the kitchen for health reasons, and not wanting him to cough over the food or dishes being used by others. *Ambulatory Health Record for Encounter #2879745*, docket no. 196-4. Ms. McKay also requested a medical staffing to review Mr. Ingram's medical issues and job placement on May 2, 2012. *Ambulatory Health Record for Encounter #2879922*, docket no. 196-5.

According to Ingram's CDOC Inmate Chronological Records, on May 2, 2012, his Case Manager, Lt. Scott Sturgeon, spoke with him about his medical issues and his assignment in the kitchen. *CDCO Inmate Chronological Record* dated 5/2/2012, docket no. 196-6. Mr. Ingram was removed from his kitchen job on May 7, 2012, because of Ms. McKay's email to Lt. Sturgeon. *Plaintiff's First Amended Complaint*, at para.18, p. 8, docket no. 21.

Mr. Ingram was given his second ADA Mobility Evaluation on May 8, 2012. *Ambulatory Health Record for Encounter #2885491*, docket no. 197-2. On May 22, 2012, Mr. Ingram's ADA Mobility Disability Evaluation was completed. The

CDOC determined that Mr. Ingram did not meet the criteria for permanent disability. *ADA Mobility Disability Evaluation of Michael Ingram*, docket no. 197-3. Mr. Ingram was re-assigned to the SCF kitchen on June 14, 2012 and worked in the diet kitchen. *Plaintiff's First Amended Complaint*, at para. 21, p. 8, docket no. 21. The medical staffing requested by Ms. McKay to address Mr. Ingram's medical issues and job placement was held on June 19, 2012. RN Ryder May, and RN Jamie Vanmeter were present during the staffing along with Ms. McKay and Mr. Ingram. With regard to Mr. Ingram's request for work restrictions, it was confirmed to Mr. Ingram that he did have a restriction for no prolonged standing for more than 30 minutes without a break, and he was told to contact his case manager if his work supervisors were making him go against his restriction. The medical staff also confirmed Mr. Ingram's understanding that if he could rest for a few minutes and then return to work, that this would be meeting his restriction requirements. Nurse Ryder also agreed to contact the kitchen to discuss his issues with the prolonged standing for more than 30 minutes. *Ambulatory Health Record for Encounter* #2921287, docket no. 197-4.

From July 21, 2012, until the end of November 2017, Mr. Ingram periodically worked in the SCF kitchen and was assigned to various jobs. In November 2017, he was re-assigned to work in the library. No one from SCF medical specifically assigned Mr. Ingram to work in specific kitchen positions. Mr. Ingram's work assignments were something that was determined by the security and CDOC

personnel who worked in the kitchen. *Transcript of Michael Ingram Deposition* at 101:24-102:16, docket no. 197-1.

Another medical staffing was held on October 30, 2012. Present were Dr. Fauvel, Ms. McKay, ADA Coordinator B. Scott, Case Manger Josh Dorsey, and Nurses Ryder, May, D. Tramp, L. Holter and N. Wilson. Mr. Ingram was given a release of records to sign, releasing SCF medical to speak about his medical conditions to the ADA Coordinator and his Case Manager. Mr. Ingram refused to sign the release and stated that if anyone had anything to say that it had to be in writing. It was explained to Mr. Ingram that this staffing was his opportunity to discuss his requests with his medical providers as well as the ADA Coordinator, but Mr. Ingram again stated that he didn't wish to discuss anything with the group and requested to leave. *Ambulatory Health Record for Encounter #3036711*, docket no. 197-6.

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court did not abuse its discretion in denying Mr. Ingram's motions for appointment of counsel; his request for a *Martinez* Report; his motion to file a second amended complaint, and his motions for extensions of time.

The District Court properly granted Keri McKay's Motion for Summary Judgment because Mr. Ingram failed to satisfy the subjective component of his deliberate indifference claim.

# **ARGUMENT**

## I.    **The District Court properly denied Mr. Ingram's motions for appointment of counsel.**

A district court's denial of a *pro se* plaintiff's request for an attorney is reviewed only for an abuse of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Mr. Ingram argues that the District Court abused its discretion by denying his requests for appointment of legal counsel because the number of allegations he asserted in his First Amended Complaint related to the alleged pain and suffering he was experiencing while working in the prison kitchen are complex, and the appointment of counsel would have benefitted the District Court by having counsel provide "well-pled presentation" of his legal arguments, which would have narrowed the issues, and discovery. *Appellant Opening Brief* at p. 6-7.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the

court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

In this case, the District Court properly found that Mr. Ingram did not need particular legal expertise or knowledge of the law to proceed with his case.  Mr. Ingram's filings demonstrate his acuity with the legal claims alleged and the law applicable to motions to appoint counsel and Defendants' Motions for Summary Judgment.  As pointed out by the District Court, Mr. Ingram relayed his claims so effectively that he successfully appealed two of his claims, resulting in the Tenth Circuit Court of Appeals reversing and remanding the District Court's dismissal of his ADA and Rehabilitation Act claims premised on a lack of access to prescribed medications, in addition to his Eighth Amendment claim alleging deliberate indifference.  Mr. Ingram's filings in the District Court and on appeal show he is a capable *pro se* litigant. He understands court procedure, writes cogently, and knows how to find relevant cases and other authorities.

## II.    The District Court properly denied Mr. Ingram's request for a *Martinez* Report.

The Tenth Circuit Court of Appeals has authorized district courts to require a *Martinez* Report to develop a basis for determining whether a prisoner plaintiff has

a possibly meritorious claim.  The purpose of the *Martinez* report is to identify and clarify the issues plaintiff raises in his complaint.  *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).

Mr. Ingram's remaining claims had already been determined to be meritorious by the Tenth Circuit Court of Appeals' decision to reverse and remand the dismissal of his ADA and Rehabilitation Act claims premised on lack of access to prescribed medications, and his Eighth Amendment claim alleging that Ms. McKay acted with deliberate indifference in approving him for kitchen work, and the appellate court clearly identified the existing issues that had survived after Mr. Ingram's first appeal. *See USCA Order and Judgment* dated 08/11/2017, docket no. 95.

Mr. Ingram requested a *Martinez* Report to "streamline" discovery and possibly serve as a substitute for the discovery allowed to the parties by the Federal Rules of Civil Procedure.  However, it is improper for the court to rely on a *Martinez* report or hearing to resolve pertinent factual disputes.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  Further, it is improper for the court to accept a prison officials' report of events at a *Martinez* hearing when they are in conflict with the pleadings.  *See Reed v. Dunham*, 893 F.2d 285, 287 n. 2 (10th Cir. 1990).

A *Martinez* Report and/or hearing cannot be utilized as a substitute for discovery, as Mr. Ingram desires and his motion clearly requested.  Its purpose is to aid the court in fleshing out possible legal bases of relief from unartfully drawn *pro*

*se* prisoner complaints. *Hall*, 935 F.2d at 1109 (citing *El' Amin v. Pearce*, 750 F.2d 829, 832 (10th Cir. 1984); *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). Mr. Ingram's successful appeal clearly establishes that his Amended Complaint had a possible legal basis for relief, and therefore, a *Martinez* Report was not necessary or warranted. Further, as pointed out by the Magistrate Judge, all of the documents Mr. Ingram wanted to obtain through a *Martinez* Report were discoverable documents that he could have obtained through available discovery. *See Order,* dated May 10, 2019, docket no. 136.

### III.  The District Court properly denied Mr. Ingram leave to file a second amended complaint.

Mr. Ingram's Motion to File a Second Amended Complaint, docket no. 157, failed to provide any explanation for why he was requesting leave to file another amended complaint, and failed to provide a basis for his request. Furthermore, the proposed Second Amended Complaint, docket no. 157-1, did not add any new causes of action or parties, but instead provided additional inconsequential details about Mr. Ingram's medical history. Since the proposed Second Amended Complaint did not augment any of Mr. Ingram's remaining claims, the District Court did not abuse its discretion in denying Mr. Ingram leave to file a Second Amended Complaint.

**IV.    The District Court properly denied Mr. Ingram's motions for extensions of time.**

Mr. Ingram filed a motion for extension of time on August 13, 2020 "seeking an extension of 6 months to pursue further research, draft discovery requests, draft partial summary judgment motions, write legible copies, and arrange for copies". *See Plaintiff's Motion for Extension of Time* dated 08/13/2020, docket no. 215. On September 17, 2020, Mr. Ingram filed a motion for extension of time to respond to Ms. McKay's motion for summary judgment and requested a six month extension of time to file his response.  Mr. Ingram claimed that he never received Ms. McKay's summary judgment motion.  *See Plaintiff's Motion for Extension of Time* dated 09/11/2020, docket no. 217.

Ms. McKay filed her motion for summary judgment on March 26, 2020.  A complete copy of Ms. McKay's summary judgment motion was sent to Mr. Ingram on March 26, 2020 via First Class U.S. Mail, postage prepaid, and the envelope addressed to Mr. Ingram identified the sender as the firm Harris, Karstaedt, Jamison & Powers, P.C. and was marked "Legal Mail". S*ee Certificate of Service to Defendant McKay's Motion for Summary Judgment*, docket no. 195 at p. 14. Counsel for Ms. McKay was not made aware of Mr. Ingram's alleged failure to receive Ms. McKay's summary judgment motion until September 17, 2020, when Mr. Ingram's motion for extension of time was filed. Counsel for Ms. McKay then re-sent Mr. Ingram a complete copy of Ms. McKay's summary judgment motion on

September 30, 2020. *See copy of envelope and certificate of service* dated 09/30/2020, docket no. 218-2.

While the District Court ultimately denied Mr. Ingram's motions for extensions of time, the Court did not rule on Mr. Ingram's motions until March 29, 2021. *Minute Order* dated 03/29/2021, docket no. 221.  Therefore, Mr. Ingram had approximately six months to file his response to Ms. McKay's Motion for Summary Judgment but did not do so.  The District Court properly found that, even considering the circumstances of Mr. Ingram's physical condition, he did not show good cause for additional extensions of time, and the District Court did not abuse its discretion.

## V.     The District Court properly granted Keri McKay's Motion for Summary Judgment.

A district court's granting of summary judgment is reviewed *de novo*. *Gwinn v. Awmiller*, 354 F.3d 1211, 1215 (10th Cir. 2004). "Summary judgment should be granted 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).

To state a 42 U.S.C. § 1983 medical claim, a plaintiff must show that the defendant acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).  "The test for constitutional liability of prison officials involves both an objective and a subjective

17

component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotations and citations omitted). First, the prisoner must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata*, 427 F.3d at 751 (holding that even a physician's grossly negligent medical judgment is not subject to scrutiny if the prisoner's need for medical treatment was not obvious) (internal quotations and citations omitted).

The District Court properly found that the undisputed facts in the record did not support a finding that Ms. McKay exhibited deliberate indifference to Mr. Ingram's serious medical needs. *See Order* dated 03/30/2021, docket no. 222. Ms. McKay frequently provided or coordinated provision of effective treatments to Mr. Ingram and provided or coordinated provision of medical orders limiting standing by Mr. Ingram to thirty minutes. Mr. Ingram failed to satisfy the subjective component of his deliberate indifference claim because the record reflects Ms. McKay's efforts to help Mr. Ingram manage his pain, and her subjective belief that Mr. Ingram could continue to work in the SCF kitchen with a restriction in place limiting his standing time. Further, Ms. McKay never had the power to control what job assignment Mr. Ingram received. The undisputed facts show that Ms. McKay

did not engage in extraordinary neglect of Mr. Ingram's medical condition or his need for medical care. Instead, the record establishes that Ms. McKay properly and repeatedly exercised her considered medical judgment as to Mr. Ingram. Therefore, the District Court's granting of summary judgment to Keri McKay must be upheld.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Defendant-Appellee Keri McKay respectfully requests that this Court affirm the District Court Order granting her Motion for Summary Judgment.

Respectfully submitted this date January 7, 2022

<u>*s/ Joseph P. Sanchez*</u>
Joseph P. Sanchez
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone: 720-875-9140
Fax:  720-875-9141
jsanchez@hkjp.com
*Attorney for Keri McKay*

## <u>CERTIFICATIONS</u>

## CERTIFICATION OF COMPLNCE WITH TYPE-VOLUME LIMIT

1.      The brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because this brief does not exceed 30 pages.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated January 7, 2022

*s/ Joseph P. Sanchez* 
Joseph P. Sanchez
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone: 720-875-9140
Fax:  720-875-9141
jsanchez@hkjp.com
*Attorney for Keri McKay*

## CERTIFICATION OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing Answer Brief:

1.    All required privacy redactions have been made per 10th Cir.R. 25.5;

2.    If required to file additional hard copies, that the ECF submission is an exact copy of those documents; and

3.    The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated January 7, 2022

*s/ Joseph P. Sanchez*
Joseph P. Sanchez
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone: 720-875-9140
Fax: 720-875-9141
jsanchez@hkjp.com
*Attorney for Keri McKay*

## CERTIFICATE OF SERVICE

This is to certify that the within Answer Brief has been duly served upon all

parties herein by filing on the CM/ECF court filing system this 7th day of January

2022, and addressed as follows:

> Gregory R. Bueno
> Assistant Attorney General
> Civil Litigation and Employment Law Section
> 1300 Broadway, 10th Floor
> Denver, Colorado 80203
> gregpru.bueno@coag.gov

*Counsel for the CDOC Defendants-Appellees*

**And by U. S. Mail, Postage Prepaid as Follows:**

> Michael Ray Ingram, #155317
> Buena Vista Correctional Facility
> P.O. Box 2017
> Buena Vista, Colorado 81211

> *Pro Se Plaintiff-Appellant*

> *s/ Carol Kentner*
> Carol Kentner